IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jerome Long, #151047,<br><br>       Petitioner,<br><br>  vs.<br><br>Jon Ozmint, Director, SCDC;<br>Henry McMaster, Attorney General<br>of the State of South Carolina,<br><br>       Respondents. | Civil Action No. 6:06-0449-HFF-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

  The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## **FACTS PRESENTED**

  The petitioner is currently incarcerated at the Perry Correctional Institution of the South Carolina Department of Corrections pursuant to the Orangeburg County Clerk of Court's orders of commitment. During the August 1994 term of General Sessions, the Orangeburg County Grand Jury indicted the petitioner for murder (94-GS-38-1354). A jury convicted him of murder on February 9, 1995. The Honorable C. Victor Pyle, Jr., sentenced the petitioner to life imprisonment. Attorneys Richard Gustafson and Angela Garrick represented the petitioner.

The petitioner made an appeal to the South Carolina Supreme Court. On appeal, he was represented by Wanda H. Haile of the South Carolina office of Appellate Defense. Initially, an *Anders* brief was filed. The court rejected the *Anders* treatment. Subsequently, a merit brief was filed raising two issues:

> (1) Whether the trial court erred in failing to direct a verdict of acquittal on the murder charge because self-defense was established as a matter of law in the case.
>
> (2) Whether the lower court erred in failing to charge the jury on the defense of others in the case.

The Supreme Court affirmed the conviction on direct appeal on January 13, 1997. *State v. Long*, 325 S.C. 59, 480 S.E.2d 62 (1997).[1]

The petitioner filed his first actual application for post-conviction relief on February 5, 1997 (97-CP-38-106). The petitioner raised the following issues in his first PCR application:

> (1) Ineffective assistance of counsel;
>
> (2) Fifth Amendment violation; and
>
> (3) "14 Amendment violation procedural due process and substantive due process."

An evidentiary hearing was held before the Honorable Costa M. Pleicones on August 5, 1998, and he dismissed the application by written order dated March 22, 2000. The petitioner appealed the dismissal, seeking a writ of certiorari from the Supreme Court. In this first PCR appeal, the petitioner was represented by Joseph L. Savitz of the South Carolina Office of Appellate Defense. On November 9, 2000, a petition for writ of certiorari was made raising the following question:

---

[1] Subsequent to his conviction, on December 8, 1995, the petitioner filed for post-conviction relief (95-CP-38-833). However, his direct appeal was still going forward and it was determined that PCR was not appropriate at that time and the application was dismissed without prejudice.

> Petitioner did not receive effective assistance of counsel at trial because his lawyer did not advise him that, in her professional judgement, he should plead guilty to voluntary manslaughter and a ten-year sentence instead of risking an almost certain murder conviction and life imprisonment.

The respondents, through Assistant Attorney General W. Bryan Dukes, made a return to the petition on March 28, 2001. The Supreme Court denied the petition for certiorari on October 25, 2001.

The petitioner subsequently filed another application for post-conviction relief on November 26, 2001 (01-CP-38-1438). An evidentiary hearing was convened on March 12, 2002, at the Orangeburg County Courthouse. The petitioner raised the following issues in this PCR:

(1) after-discovered evidence - ineffective assistance of counsel;

(2) after-discovered evidence - Brady violation; and

(3) after discovered evidence - prosecutorial misconduct.

The Honorable Diane S. Goodstein denied and dismissed the petitioner's PCR application by written order on August 11, 2002. The petitioner then filed a timely notice of appeal. He did not appeal the denial of this PCR application.

The petitioner then made another application for post-conviction relief on March 15, 2003 (2003-CP-38-325). In this application, he alleged that he is being held in custody unlawfully for the following reasons:

(1) after-discovered evidence - ineffective assistance of counsel;

(2) after-discovered evidence - Brady violation; and

(3) after discovered evidence - prosecutorial misconduct.

On December 3, 2003, the petitioner amended his application to further allege, through appointed counsel Edgar W. Dickson of the Orangeburg Bar, "that his attorney failed to

3

object to the change in the Code Section he was charged under and failed to object to the defect in the indictment." The respondents made a return on July 9, 2003, asserting that the matter must be dismissed as successive as a matter of state law and that it was barred under the state PCR statute of limitations, Section 17-27-45. A hearing was held on January 13, 2004, before Judge Goodstein. The petitioner was present and represented by appointed counsel Dickson. The respondents were represented by J. Hagood Hamilton of the Attorney General's Office. After hearing arguments of the parties, Judge Goodstein took the matter under advisement.

On March 22, 2004, Judge Goodstein issued her order denying state PCR relief finding that other than the subject matter jurisdiction issue that application must be dismissed as a successive application and under the statute of limitations bar. Concerning the subject matter jurisdiction claim, Judge Goodstein determined that the indictment was sufficient and the petitioner had failed to carry his burden of proof to show the court lacked subject matter jurisdiction.

The petitioner appealed this denial to the South Carolina Supreme Court. In this appeal, he was again represented by Wanda H. Hagler of the South Carolina Office of Appellate Defense. On February 25, 2005, Ms. Hagler made a *Johnson v. State* petition for writ of certiorari and petition to be relieved as counsel. In that petition, she asserted as the petitioner's arguable ground for relief that "the lower court erred in denying petitioner's claim that the indictment issued against him was defective and thus deprived the trial court of subject matter jurisdiction." It was based upon his assertion that the victim's name was wrong on the indictment as Anthony Lucas rather than Ronald Anthony Lucas and that he was indicted under Section 16-3-20 but convicted under 16-3-10. On March 10, 2005, the petitioner made a *pro se* "Motion of object Johnson Appellant's reply Brief and Motion for Relief." On February 15, 2006, the South Carolina Supreme Court entered its order

denying the petition after consideration required under *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988). On March 3, 2006, the remittitur was entered.

On September 28, 2005, the petitioner made a *pro se* petition for a writ of habeas corpus (2005-CP-38-1182) which was filed in the Orangeburg County Clerk's Office on October 27, 2005.[2] In his petition, the petitioner asserts the following:

> (1)    The trial court was divested of subject matter jurisdiction to convict petitioner by the trial court's constructive amendment of the elements of the murder charge in violation of Petitioner's Fifth , Sixth and Fourteenth Amendment rights.
>
> > (A)    This is based upon his assertion that the implied malice instruction which impacted upon a claimed element of intent to kill.
>
> (2)    The Petitioner's Murder Indictment was a sham Legal process that failed to confer subject matter jurisdiction upon the trial court to convict him.

On April 11, 2006, the Clerk of Court appointed Clyde Dean of the Orangeburg Bar to represent the petitioner. According to the records of the Clerk of Court, this matter is still pending.

In his *pro se* petition now before this court, the petitioner makes the following allegation:

> The Court/Attorney General is in inordinately delaying Petitioner relief on his state habeas corpus petition. Under Section 17-17-10-30 entitles a Petitioner to a [hearing] on a habeas corpus petition within his state writ habeas corpus on Oct. 27, 2005 as of Feb. 6, 2006 the petitioner has not had a hearing on his subject matter jurisdiction claim contained in his habeas petition."

On May 17, 2006, the respondents filed a motion for summary judgment. By order of this court filed May 18, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary dismissal procedure and the possible

---

[2]There is some question as to whether this petition was ever properly served.

consequences if he failed to respond adequately. The petitioner filed his response to the motion for summary judgment on May 23, 2006.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

## ANALYSIS

As argued by the respondents, this petition should be dismissed because the petitioner's claim is not cognizable in a federal habeas corpus action. His sole claim in this federal habeas action is that the state court has not held a hearing on his state court petition for writ of habeas corpus, which was filed on October 27, 2005, and in which he claims a lack of subject matter jurisdiction. The petitioner is asking this court to interpret

and enforce South Carolina statutes, including Section 17-17-80,[3] which provides the time period for certain hearings before the state court. Infirmities in a state post-conviction relief hearing are not a ground for federal habeas corpus relief. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (holding that claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief). Federal habeas corpus relief is only available to a state inmate "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Accordingly, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. The state procedural issue is not a cognizable ground under 28 U.S.C. §2254 and, thus, the motion for summary judgment should be granted.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted. The petitioner's pending nondispositive motions will be held in abeyance pending the district court's disposition of the motion for summary

---

[3]**Time within which prisoners must be brought before court.**

> If the place of imprisonment of the person be beyond the distance of twenty miles from the place where such court is held and not above one hundred miles he shall be brought before the court or the person before whom the writ is returnable within the space of ten days and if beyond the distance of one hundred miles then within the space of twenty days after the delivery of such writ and not longer.

S.C. Code Ann. 17-17-80.

7

judgment. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

                                                                             s/William M. Catoe  
                                                                             United States Magistrate Judge

October 13, 2006

Greenville, South Carolina