

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JEROME LONG, § | |
| Petitioner, § | |
| § | |
| vs. § | |
| § | CIVIL ACTION NO.  6:06-449-HFF-WMC |
| JON OZMINT, Director, SCDC; HENRY § | |
| McMASTER, Attorney General of the State § | |
| of South Carolina, § | |
| Respondents. § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a habeas corpus petition brought pursuant to 28 U.S.C. § 2254.  Petitioner is proceeding pro se.  The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondents' motion for summary judgment be granted and that the petition be dismissed.  The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 13, 2006, and the Clerk entered Petitioner's objections on November 21, 2006.

Petitioner's objections appear to reiterate the allegations of the original petition and of the response in opposition to respondents' motion for summary judgment, but the objections utterly fail to address any of the legal reasoning of the Report. Specific objections are necessary to focus the Court's attention on disputed issues. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). Because general objections to a Magistrate Judge's Report do not direct the Court's attention to any specific portion of the Report, they are tantamount to a failure to object. *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (noting that failure to file specific objections to particular conclusions in magistrate judge's report, after warning of consequences of failure to object, waives further review). Therefore, having examined the record pursuant to the standard set forth above, the Court agrees with the Magistrate Judge's conclusion that Respondents' motion for summary judgment should be granted.

Accordingly, the Court overrules Petitioner's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Respondents' motion for summary judgment be **GRANTED**. Petitioner's motion for speedy trial and petition for writ of mandamus are **MOOT**.

**IT IS SO ORDERED**.

Signed this 28th day of December, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd<br>
HENRY F. FLOYD<br>
UNITED STATES DISTRICT JUDGE

*****

2

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.